UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAVALIERS OPERATING COMPANY, LLC, *et al.* | : | Case No. 1:07 CV 2317 |
| | : | |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| TICKETMASTER, *et al.* | : | **AMENDED OPINION & ORDER** |
| | : | |
| Defendants. | : | |

## I. INTRODUCTION

On October 9, 2007, the Court issued a brief Order **GRANTING** Ticketmaster, Ticketmaster LLC and Ticketmaster-Indiana's ("the Defendants") *Motion to Stay Proceedings* (Doc. 8) ("Motion to Stay") and **STAYING** proceedings in this case pending adjudication of Ticketmaster-Indiana's *Motion to Enjoin Defendants' Prosecution of the Later File Ohio Action*. The Court now issues this Order to further articulate its reasoning; this *Amended Opinion & Order* does not alter the Court's October 9, 2007 ruling on the Motion to Stay (Doc. 8) in any way.

## II. DISCUSSION

Before the Court is the Defendants Motion to Stay (Doc. 8), which was filed on August 6, 2007. Citing this Court's opinions regarding the "first to file" rule, the Defendants request that the Court stay proceedings in this case in light of the fact that, prior to the July 30, 2007 filing of this case, a substantially similar case was filed in the U.S. District Court for the Central District of California. (Doc. 8.) On July 17, 2007, Ticketmaster-Indiana filed suit against Cavaliers Operating Company, LLC, ("Cavaliers") and Flash Seats, LLC ("Flash Seats") in the U.S. District Court for

the Central District of California, case number CV07-04620 ("the California Action"). (*See* Doc. 8, Exh. A.) Plaintiffs in this action, Cavaliers and Flash Seats (collectively, "the Plaintiffs"), have filed a brief in opposition to the Defendants' *Motion to Stay Proceedings* (Doc. 13), and the Defendants have filed a reply in support (Doc. 14).

    **A.**    **Background**

Both Plaintiffs in this action, Cavaliers and Flash Seats, are Delaware limited liability companies with their principal places of business in Cleveland, Ohio. (Doc. 1, p. 3.) Cavaliers is in the business of operating a franchise, the Cleveland Cavaliers, in the National Basketball Association ("NBA"). Flash Seats is in the business of marketing secondary-ticketing software that, *inter alia*, allows Cavaliers season-ticket holders to use the internet to resell, track and transfer their tickets to a particular Cleveland Cavaliers game. (Doc. 1, pp. 4-5.) Flash Seats' software has been available to Cavaliers season-ticket holders since the 2006-2007 NBA basketball season. (*Id*. at 4.)

The Defendants each maintain their principal places of business in West Hollywood, California, and are engaged in the business of selling tickets to entertainment events. (*Id*. at 3.) According to the Complaint, the Defendants are the exclusive provider of primary ticket-sales for numerous major venues and professional sports teams. (*Id*. at 4.) In addition, since 2005, the Defendants have marketed secondary-ticketing software designed to perform essentially the same function as Flash Seats' software. (*Id*. at 5.)

Ticketmaster-Indiana's July 17th Complaint in the California Action alleges state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, specific performance, intentional interference with contract, unjust enrichment and accounting. (*Id.*) The allegations in the California Action relate to the Licensed User Agreement governing

Ticketmaster-Indiana's rights and obligations with respect to sales of tickets to Cleveland Cavaliers basketball games. In general, Ticketmaster-Indiana claims that Cavaliers' relationship with Flash Seats is improper in light of the Licensed User Agreement. In addition, on August 20, 2007, Ticketmaster-Indiana filed an Amended Complaint adding a federal claim under the Lanham Act.

On July 30, 2007, Cavaliers and Flash Seats filed this lawsuit against Ticketmaster, Ticketmaster, LLC, and Ticketmaster-Indiana). (Doc. 1.) Like the California Action, this case involves breach of contract, tortious interference and declaratory judgment claims arising out of the same Licensed User Agreement. Additionally, however, the Complaint in this case alleges that the Defendants have violated federal and state antitrust laws by attempting to prevent Cavaliers from making Flash Seats' secondary ticketing software available to season-ticket holders. (*Id.*)

In light of the filing of this case, Ticketmaster-Indiana filed a *Motion to Enjoin Defendants' Prosecution of their Later Filed Ohio Action* in the California Action, and the Defendants filed the instant *Motion to Stay Proceedings* in this case.

**B.     Analysis**

Under the "first to file" rule, when two lawsuits are filed in concurrent jurisdictions and involve "substantially the same parties and purpose," the court in which the first suit was filed determines which case should go forward. *Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041, 1042 (N.D. Ohio 2001) (Carr, J.); *see also Bionix Dev. Corp. v. Veteran Medical Prods., Inc.*, Slip Copy, No. 1:04-CV-168, 2006 WL 2077036, *1 (N.D. Ohio July 24, 2006) (O'Malley, J.). In *Daimler-Chrysler Corp.*, General Motors Corporation filed a federal declaratory judgment action in Indiana just twelve (12) minutes before Daimler-Chrysler Corporation filed an essentially identical suit in this Court. *Daimler-Chrysler Corp.*, 133 F.Supp.2d at 1041-42. After

3

carefully analyzing prior cases discussing the "first to file" rule, Chief Judge James G. Carr held that the Indiana court should decide which case should go forward because the dispute was first raised in that court. *Id*. at 1042. Judge Carr reasoned that the benefit of a bright-line rule, the policy of discouraging forum shopping and the principle of judicial comity strongly support that result. *Id*. at 1044.

As the Defendants note, this Court has consistently applied the *Daimler-Chrysler Corp.* holding to allow the district court where the case was first filed to determine which case should go forward. *See*, *e.g.*, *Bender v. Newell Window Furnishings, Inc.*, Slip Copy, No. 1:06-CV-113, 2007 WL 2025780, *2 (W.D. Mich. July 9 2007); *Lexington v. Cheek & Zeehandelar, LLP*, Slip Copy, No. 1:06-CV-2029, 2007 WL 593560, *2 (N.D. Ohio Feb. 21 2007); *Bionix*, 2006 WL 2077036; *Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, Slip Copy, No. 1:06-CV-1967, 2006 WL 3304218, *2 (N.D. Ohio Nov. 13 2006); *Ford Motor Co. v. L & H Techs., Inc.*, No. 05-74178, 2006 WL 163525, *2 (E.D. Mich. Jan. 23, 2006).

For example, in *Bionix*, this Court recently analyzed a situation factually analogous to the case at bar. *Bionix*, 2006 WL 2077036. In *Bionix*, Veteran Medical Products, Inc. ("Veteran") filed a federal declaratory judgment action related to a patent dispute in Michigan on September 23, 2005. *Id*. at *1. On October 4, 2005, Bionix Development Corporation ("Bionix") filed an action arising from the same facts and circumstances in this Court. *Id*. Like the case at bar, there was a jurisdictional challenge in the Michigan case, and the second case included additional claims. *Id*. at *1-2. Nonetheless, this Court stayed proceedings "pending adjudication of a similar motion by Bionix in concurrent proceedings in the . . . Western District of Michigan." *Id*. at 1. Because the Western District of Michigan was the first-filed court, this Court deferred the determination of which

case should go forward to that court.

In light of this well-established approach, the role of the second-filed court with respect to the "first to file" rule is to: (1) evaluate the chronology of the actions; and (2) determine whether the parties and issues in the two cases are substantially similar. *See Plating Res., Inc. v. UTI Corp.*, 47 F.Supp. 2d 899, 903-904 (N.D. Ohio 1999).

Since this action was filed on July 30, 2007, and the California Action was filed July 17, 2007, this is the second-filed court. The Plaintiffs argue that this Court is the first-filed court because the California District Court has not yet obtained jurisdiction in light of the jurisdictional motions to dismiss currently pending in the California Action. Under this Court's *Bionix* decision, this argument fails because a challenge to the jurisdiction of the first-filed court does not impact the chronology of the actions for purposes of evaluating the "first to file" rule. In *Bionix*, this Court held that the court in which the first case was filed should determine which court will ultimately hear the dispute, despite the fact that jurisdictional motions to dismiss were pending in that case. *Bionix*, 2006 WL 2077036. Furthermore, although the Plaintiffs make much of the August 20th filing of an Amended Complaint in the California Action, "[f]or purposes of establishing the chronology, courts should focus on the date a party filed its original, rather than its amended complaint." *Plating Res., Inc.*, 47 F.Supp. 2d at 904 (omitting internal quotations). Therefore, it is irrelevant that the Amended Complaint in the California Case was filed after the Complaint here. Chronologically, this is the second of the two cases.

With respect to the Court's second determination, the parties and issues here are substantially similar to those in the California Action. In order to implicate the "first to file" rule, the parties and issues need not be identical, but must be substantially similar. *See Plating Res., Inc.*, 47 F. Supp.

5

2d at 903. With the minor exception of two additional Ticketmaster affiliates in this case, the parties are identical. Further, both disputes require interpretation of the same Licensed User Agreement between Ticketmaster and Cavaliers. Although the antitrust claims asserted in this case are not present in the California Action, they relate to the same issue -- *i.e.*, the parties' rights and obligations with respect to secondary-ticketing software. As this Court found in *Bionix*, the minor distinctions between the two cases with respect to parties and issues are "not sufficient to remove this case from the realm of the *Daimler-Chrysler* rule." *Bionix*, 2006 WL 2077036 at *2.

Lastly, the Plaintiffs' argument that the particular circumstances of this case permit *this Court* to make an exception to the "first to file" rule fundamentally misunderstands the manner in which the *Daimler-Chrysler* opinion applies the rule. In applying the "first to file" rule, a court has the discretion to determine that special circumstances justify departure from the rule. *See Daimler-Chrysler*, 133 F.Supp. 2d at 1042 (quoting *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F.Supp. 1317, 1321 (S.D.N.Y. 1982)). However, "[t]he issue as to which court should determine whether special circumstances exist is critical." *Id*. (quoting *Donaldson, Lufkin & Jenrette*, 542 F.Supp. 2d at 1320). In resolving this critical issue in *Daimler-Chrysler*, Judge Carr stated: "I am firmly persuaded that the most appropriate approach is for the court where a complaint is first filed to determine which case should go forward." *Id*. With this in mind, the Plaintiffs' argument glosses over the first step in the two-step process of *applying* the "first to file" rule. The first step determines *which court* will apply the "first to file" rule; the second step is for that court to actually apply the rule. Because this Court is the second-filed court, it would be inappropriate for this Court to evaluate whether the circumstances of this case justify an exception to the "first to file" rule. Instead, because the California Action was filed first, this Court defers to the Central District

6

of California to determine which case should go forward.

### III. CONCLUSION

For the reasons articulated above, Defendants' *Motion to Stay Proceedings* has been **GRANTED.** Further proceedings in this case have been **STAYED**, pending adjudication of Ticketmaster-Indiana's *Motion to Enjoin Defendants' Prosecution of their Later Filed Ohio Action*, which is now pending before the U.S. District Court for the Central District of California in the California Action.

**IT IS SO ORDERED.**

                                            s/Kathleen M. O'Malley
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated:  October 30, 2007**